# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL J. CARROLL,

        Petitioner,        Case Number: 2:16-CV-13298
                                           HONORABLE VICTORIA A. ROBERTS

v.

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR DISMISSAL, GRANTING PETITIONER'S REQUEST FOR STAY, AND ADMINISTRATIVELY CLOSING CASE

Petitioner Michael J. Carroll, a state inmate presently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for second-degree fleeing and eluding a police officer, Mich. Comp. Laws § 257.602a(4), carrying a concealed weapon, Mich. Comp. Laws § 750.227, operating a motor vehicle while intoxicated, Mich. Comp. Laws § 257.625(1)(c), and driving with a suspended or revoked license, Mich. Comp. Laws § 257.904.

Respondent filed a motion for dismissal on the ground that the petition raises claims that were not properly exhausted in state court. Petitioner replied claiming that he exhausted state court remedies. In the alternative, Petitioner request a stay if the Court finds that he did not exhaust state court remedies.

**I.**

Petitioner was convicted by a jury in Oakland County Circuit Court and sentenced as a fourth habitual offender as follows: 6 to 50 years for second-degree fleeing and eluding, 6 to 15 years for carrying a concealed weapon in a vehicle, and 134 days for driving while intoxicated and driving with a suspended or revoked license.

Petitioner filed an appeal of right with the Michigan Court of Appeals. He raised these claims: (i) trial court abused its discretion in sentencing him to a maximum term of 50 years for second-degree fleeing and eluding; (ii) insufficient evidence supported his convictions for second-degree fleeing and eluding and carrying a concealed weapon; (iii) trial counsel was ineffective; and (iv) no knowing or voluntary waiver of arraignment.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Carroll,* No. 317174, 2014 WL 5162476 (Mich. Ct. App. Oct. 14, 2014). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals and these additional claims[1]: (i) *Brady* violation; (ii) prosecutorial misconduct; (iii) no reasonable suspicion to stop vehicle; (iv) no probable cause to arrest Petitioner; and (v) newly discovered impeachment evidence. The Michigan Supreme Court denied leave to appeal, *People v. Carroll*, 498 Mich. 884 (Mich. 2015), and denied Petitioner's motion for reconsideration.

---

[1] The Michigan Supreme Court granted Petitioner's motion to add issues in the same order in which the court denied leave to appeal. *People v. Carroll*, 498 Mich. 884 (Mich. Sept. 29, 2015).

*People v. Carroll*, 499 Mich. 885 (Mich. 2016).

Petitioner then filed the pending habeas corpus petition. He raises these claims: (i) prosecutor withheld evidence; (ii) prosecutor permitted perjured testimony; (iii) prosecutor knowingly presented fraudulent case; (iv) Fourth Amendment violation, no reasonable suspicion to stop Petitioner's vehicle; (v) ineffective assistance of trial counsel; (vi) insufficient evidence of fleeing and eluding and CCW; (vii) newly discovered evidence proves Petitioner's innocence; (viii) constitutional rights violated by arraignment procedure; and (ix) Petitioner is factually and legally innocent.

Respondent filed a motion for dismissal on the ground that the petition contains unexhausted claims. This Court agrees that this petition is a mixed one.

**II.**

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust all available remedies in state court. 28 U.S.C. § 2254(b). *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004). Exhaustion also requires that the petitioner invoke "one full round" of the state's appellate review process. *O'Sullivan*, 526 U.S. at 845. Each issue must be presented to both the Michigan Court of Appeals and the Michigan

3

Supreme Court to satisfy the exhaustion requirement. *Morse v. Trippett*, 37 Fed. App'x 96, 103 (6th Cir. 2002). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Respondent argues that Petitioner's first three claims for habeas corpus relief were not properly exhausted because they were presented for the first time in his application for leave to appeal to the Michigan Supreme Court, which was denied. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The Sixth Circuit repeatedly has held that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Hickey v. Hoffner*, 701 Fed. App'x 422, 425 (6th Cir. 2017); *Skinner v. McLemore*, 425 Fed. App'x 491, 494 (6th Cir. 2011).

Petitioner argues that these claims were exhausted because the Michigan Supreme Court allowed him to add new issues to his applciation for leave to appeal. The Michigan Supreme Court, however, denied leave to appeal. "Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts." *Marchese v. Lafler*, 2009 WL 3756900, *2 (W.D. Mich. Nov. 6, 2009). Consequently, the petition is a mixed one, containing both exhausted and unexhausted claims.

Petitioner asks the Court either to excuse the exhaustion requirement or stay the

4

petition. Exceptions to the exhaustion requirement exist when "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii). These exceptions, however, do not apply here because Petitioner has an available remedy to exhaust. He may file a motion for relief from judgment in the state trial court under Michigan Court Rule 6.502. If he is unsuccessful in the trial court, he may apply for leave to appeal in the Michigan Court of Appeals, see Mich. Ct. R. 6.509(A); Mich. Ct. R. 7.203(B), and in the Michigan Supreme Court, see Mich. Ct. R. 7.301-302.

Petitioner seeks a stay in the proceedings rather than a dismissal of the petition while he exhausts state court remedies. A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted). In *Rhines*, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 278.

Petitioner's unexhausted claims are best first addressed and decided by the state

courts, which may conduct an evidentiary hearing or otherwise allow Petitioner to supplement the record in accordance with state law. The Court anticipates no prejudice to Respondent in staying the petition. Petitioner also has alleged good cause for failure to exhaust his state court remedies. He alleges that appellate counsel was ineffective for failing to raise these issues on direct appeal, which raises a claim of constitutional magnitude. Further, outright dismissal of the petition could jeopardize the timeliness of a future petition.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this Court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

### III.

Also pending before the Court are several motions filed by Petitioner. First, is a Motion to Compel (ECF No. 16). This motion provides further argument in support of habeas corpus relief and seeks to compel a judgment in Petitioner's favor. Since the

6

Court has determined a stay is appropriate, the Court will not address the merits of Petitioner's claims at this time. This motion will be denied.

Second, Petitioner filed a Motion to Add Issue (ECF No. 20). The issue he seeks to add concerns an allegation that law enforcement officers executed affidavits containing information they knew to be false in order to obtain an arrest warrant. This issue is already raised in the petition. The motion adds further support for this issue and does not present a new issue. The Court finds no prejudice to Respondent in allowing Petitioner to supplement this argument. The motion will be granted.

Finally, Petitioner seeks immediate review of his petition (ECF No. 23). Since the Court will issue a stay pending Petitioner's exhaustion of state court remedies, the Court denies the motion for immediate review.

## IV.

The Court DENIES Respondent's Motion to Dismiss (ECF No. 17). The Court DENIES IN PART and GRANTS IN PART Petitioner's motion to excuse the exhaustion requirement and request for a stay (ECF No. 19). The Court declines to excuse the exhaustion requirement, but grants Petitioner's request for a stay. The habeas petition is stayed and further proceedings are held in abeyance. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner must file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

The Court GRANTS Petitioner's Motion to Add Issue (ECF No. 20), and DENIES Petitioner's Motion to Compel (ECF No. 16) and Motion for Immediate Review (ECF No. 23).

To avoid administrative difficulties, the Clerk of Court is to close this case for statistical purposes only.

**IT IS ORDERED**.

S/Victoria A. Roberts<br>VICTORIA A. ROBERTS<br>UNITED STATES DISTRICT JUDGE

Dated: February 28, 2018